UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISRAEL CHAVEZ TAMAYO,<br><br>Defendant. | Case No.: 1:19-cr-00222 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 59) |

Israel Chavez Tamayo is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "zero-point offender" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 59.) The Government opposes the motion, contending that Defendant is ineligible for a sentence reduction because he already received a two-offense-level reduction under Amendment 821. (Doc. 62.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

In November 2023, the Sentencing Commission amended certain provisions of the Sentencing Guidelines, which applied retroactively. *See generally* U.S.S.G. § 1B1.10 (last amended Nov. 1, 2023) ("Amendment 821"). The amendment includes what now appears in U.S.S.G. § 4C1.1 as the "zero-point offender" provision, which provides a two-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a). To be eligible for an offense level reduction, a defendant must meet each of the following criteria:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
10. the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a).

On October 10, 2023, pursuant to a written plea agreement, Defendant pled guilty to Count 1 of a five-count indictment, which charged Defendant with conspiracy to distribute and to possess with the intent to distribute methamphetamine, cocaine, and heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1). (Docs. 8, 48, 49.) The presentence investigation report ("PSR") found that Defendant's offense involved 177,321.7 kilograms of converted drug weight, resulting in a base offense level of 38. (Doc. 51, PSR ¶ 30.) The PSR indicated that Defendant met the criteria set forth in U.S.S.G. § 4C1.1(a)(1)-(10)—that he was a zero-point offender—and reduced Defendant's offense level by two levels. (PSR ¶ 37), resulting in a total recommended offense level of 33. (PSR ¶ 40.) Defendant was assessed zero criminal history points, which placed him in criminal history category I, according to the sentencing table at U.S.S.G. Chapter 5, Part A. (PSR ¶¶ 46-48.) Based on Defendant's offense level and criminal history category, the advisory guideline imprisonment range was 135 to 168 months.

(PSR ¶ 73.) The Court held a sentencing hearing on February 12, 2024. (Doc. 57.) The Court adopted the findings in the PSR without change and applied a downward variance based on the sentencing factors set forth at 18 U.S.C. § 3553(a). (Statement of Reasons ("SOR") at 1, 3.) Defendant was sentenced to 108 months in custody. (Doc. 58 at 2.)

As indicated above, Defendant was sentenced after Amendment 821 took effect on November 1, 2023. As such, a two-offense-level reduction under § 4C1.1 was applied to Defendant's original guideline calculation. (PSR ¶¶ 37, 40, 73; SOR at 1.) Because Defendant has already benefited from Amendment 821, he is ineligible for a sentence reduction on these grounds. The Court does not consider the § 3553 sentencing factors. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 59), is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 4, 2025**

UNITED STATES DISTRICT JUDGE